UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LVNV FUNDING, LLC, et al.,                          Chapter 13 No. 13-11319
                                                    Adversary Proceeding No. 14-01049
              Appellants,

                                                    Civil Action. No. 15-cv-00893
vs.                                                 HON. BERNARD A. FRIEDMAN

WILLIAM HENRY FEGGINS, et al.,

              Appellees.
_____/

### OPINION AFFIRMING THE DECISION OF THE BANKRUPTCY COURT

This matter is presently before the Court on LVNV Funding, LLC's and Resurgent

Capital Services, L.P.'s appeal from the Bankruptcy Court's Memorandum Decision and Judgment,

entered in this consolidated adversary proceeding on November 20, 2015.  Both sides have filed

their appellate briefs.  Pursuant to Fed. R. Bankr. P. 8019(b)(3), the Court shall decide this appeal

without a hearing.  For the following reasons, the Court shall affirm the decision of the Bankruptcy

Court.

### I.  Background

This appeal stems from a consolidation of five adversary proceedings[1] filed by

Williams Henry Feggins (AP 14-1049), Ray C. Balcom (AP 14-1060), Donnie L. Chandler (AP 14-

1062), Cynthia Gamble Grant (AP 14-1063), and Robert W. Henson (AP 14-1064) (collectively

"appellees").  In each case, plaintiffs filed a voluntary Chapter 13 petition, and LVNV Funding,

LLC, and Resurgent Capital Services, L.P. (collectively "appellants") filed one or more proofs of

---

[1]  There were initially eight individual adversary proceedings.  However, the adversary
proceedings brought by Brandy Ward, Krista R. Oliver, and Robert R. Bryant have been voluntarily
dismissed.

claim for time-barred debts.  Each appellee then filed an adversary proceeding, alleging that appellants violated the Fair Debt Collection Practices Act ("FDCPA") by filing a proof of claim on a debt appellants knew to be time-barred.

The consolidated adversary action proceeded to trial, where the Bankruptcy Court heard testimony from the following witnesses: Chapter 13 Trustee Curtis Reding; appellees Feggins, Henson, Chandler, and Grant; attorneys Christopher Stanfield and Rafael Gil, III; and Lisa Landreth, an employee of appellant Resurgent Capital Services, L.P.  Appellants did not dispute that they had filed proofs of claim on time-barred debts, nor did they dispute that they are "debt collectors" as that term is defined in the FDCPA.

At the close of each parties' case, appellants filed a motion for judgment on partial findings.  On November 20, 2015, the Bankruptcy Court denied these motions.  Having determined appellants' liability for having filed proofs of claim for time-barred debts and disposing of their legal defenses, the Bankruptcy Court awarded each plaintiff $1,000 in statutory damages, plus costs and attorney fees.  This appeal followed.

## II.  Standard of Review

"[T]he district court functions as an appellate court in reviewing bankruptcy decisions . . . ." *In re Piper Aircraft Corp.*, 362 F.3d 736, 738 (11th Cir. 2004).  "A bankruptcy court's conclusions of law are reviewed *de novo* while its findings of fact are reviewed under the clearly erroneous standard."  *In re Gunn*, 387 B.R. 856, 860 (M.D. Ala. 2008) (citing *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1494 (11th Cir. 1997)).

## III.  Issues on Appeal

Appellants have briefed the following 11 issues on appeal:

2

1.  Did the Bankruptcy Court err in ruling that the Bankruptcy Code forbids the filing of a proof of claim for a debt that was out-of-statute?

2.  Did the Bankruptcy Court err in ruling that there was no irreconcilable conflict between the Bankruptcy Code and the FDCPA?

3.  Did the Bankruptcy Court err in applying *Crawford v. LVNV Funding, LLC* retroactively to the appellants?

4.  Did the Bankruptcy Court err in holding that the FDCPA applies to communications to the Bankruptcy Estate, though it is not a "natural person" as defined by the FDCPA?

5.  Did the Bankruptcy Court err in applying the least-sophisticated consumer standard to the communications in this matter?

6.  Did the Bankruptcy Court err in holding that the proofs of claim were "unfair," "unconscionable,"  or a "false, deceptive, or misleading representation or means" in violation of the FDCPA?

7.  Is it inequitable for appellees to voluntarily petition for bankruptcy, invite creditors to participate in the process, and then allege they were deceived by creditor's participation?

8.  Did the Bankruptcy Court incorrectly hold that the "first-filed rule" does not apply to the claims of appellees?

9.  Did the Bankruptcy Court err in denying appellants' motion to dismiss Ray Balcom when he failed to attend trial despite being served with a subpoena?

10.  Did the Bankruptcy Court err when it held that appellees established a prima facie violation of the FDCPA?

11.  Did the Bankruptcy Court incorrectly hold that appellants were not protected by the bona fide error defense?

## IV.  Law and Analysis

The majority of the issues raised in this appeal are resolved by looking no further than

*Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), and *Johnson v. Midland Funding,*

3

*LLC*, 823 F.3d 1334 (11th Cir. 2016). *Crawford* stated in relevant part:

> Given our precedent, we must examine whether LVNV's conduct –
> filing and trying to enforce in court a claim known to be time-barred
> – would be unfair, unconscionable, deceiving, or misleading towards
> the least-sophisticated consumer. *See id.* at 1193–94; *see also Jeter*,
> 760 F.2d at 1172–78.
>
> * * *
>
> The reason behind LVNV's practice for filing time-barred proofs of
> claim in bankruptcy court is simple.  Absent an objection from either
> the Chapter 13 debtor or the trustee, the time-barred claim is
> automatically allowed against the debtor pursuant to 511 U.S.C. §
> 502(a)-(b) and Bankruptcy Rule 3001(f). As a result, the debtor must
> then pay the debt from his future wages as part of the Chapter 13
> repayment plan, notwithstanding that the debt is time-barred and
> unenforceable in court.
>
> * * *
>
> LVNV acknowledges, as it must, that its conduct would likely subject
> it to FDCPA liability had it filed a lawsuit to collect this time-barred
> debt in state court.  Federal circuit and district courts have uniformly
> held that a debt collector's threatening to sue on a time-barred debt
> and/or filing a time-barred suit in state court to recover that debt
> violates §§ 1692e and 1692f.  *See Phillips v. Asset Acceptance, LLC*,
> 736 F.3d 1076, 1079 (7th Cir.2013) (explaining that a debt collector's
> filing of a time-barred lawsuit to recover a debt violates the FDCPA);
> *see also Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d
> Cir.2011) (indicating that threatened or actual litigation to collect on
> a time-barred debt violates the FDCPA, but finding no FDCPA
> violation because the debt-collector never pursued or threatened
> litigation); *Castro v. Collecto, Inc.*, 634 F.3d 779, 783, 787 (5th
> Cir.2011) (collecting cases and indicating that threatened or actual
> litigation to collect a time-barred debt "may well constitute a
> violation of [§ 1692e]," but ultimately concluding that no FDCPA
> violation occurred because the debt was not time-barred under the
> applicable statute of limitation); *Freyermuth v. Credit Bureau Servs.*,
> 248 F.3d 767, 771 (8th Cir.2001) (same as *Huertas, supra* ); *cf.
> McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939,
> 947–49 (9th Cir.2011) (affirming summary judgment in favor of the
> consumer after the debt collector filed a time-barred lawsuit to
> recover a debt).

4

* * *

> Similar to the filing of a stale lawsuit, a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt. The "least sophisticated" Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim. Given the Bankruptcy Code's automatic allowance provision, the otherwise unenforceable time-barred debt will be paid from the debtor's future wages as part of his Chapter 13 repayment plan. Such a distribution of funds to debt collectors with time-barred claims then necessarily reduces the payments to other legitimate creditors with enforceable claims. Furthermore, filing objections to time-barred claims consumes energy and resources in a debtor's bankruptcy case, just as filing a limitations defense does in state court. For all of these reasons, under the "least-sophisticated consumer standard" in our binding precedent, LVNV's filing of a time-barred proof of claim against Crawford in bankruptcy was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of § 1692e and § 1692f.

*Id.* at 1259–61. *Johnson* further elaborated on *Crawford*:

> In *Crawford*, this Court faced a question nearly identical to the one we consider here: "whether a proof of claim to collect a stale debt in Chapter 13 bankruptcy violates the [FDCPA]." 758 F.3d at 1256. We concluded there was an FDCPA violation in *Crawford*, based on "[t]he FDCPA's broad language, our precedent, and the record." *Id.* at 1257.

> The *Crawford* panel first looked to the language of the FDCPA, which prohibits a "false, deceptive, or misleading representation," 15 U.S.C. § 1692e, or "unfair or unconscionable means," *id.* § 1692f, to collect on a debt. 758 F.3d at 1258. Because of the ambiguity in these terms, the Court adopted a "'least-sophisticated consumer' standard" to evaluate whether a debt collector's conduct was deceptive under the FDCPA. *Id.* It then concluded that "[s]imilar to the filing of a stale lawsuit," which is prohibited by the FDCPA for debts on which the statute of limitations has run, "a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt." *Id.* at 1261. This impression causes problems because "[t]he 'least sophisticated' Chapter 13 debtor may be unaware that a claim is time

barred and unenforceable and thus fail to object to such a claim." *Id.* Then when the debtor fails to object, the time-barred debt becomes part of the debtor's repayment plan, which would "necessarily reduce[] the payments to other legitimate creditors with enforceable claims." *Id.* Thus *Crawford* held that the practice of filing time-barred proofs of claim was misleading under the FDCPA. *Id.*

In a footnote, the panel said it "decline[d] to weigh in on a topic the district court artfully dodged: Whether the Code 'preempts' the FDCPA when creditors misbehave in bankruptcy." *Id.* at 1262 n. 7. The Court said it "need not address this issue" because the claimant there "argue[d] only that its conduct does not fall under the FDCPA, or, alternatively, did not offend the FDCPA's prohibitions" and it "d[id] not contend that the Bankruptcy Code displaces or 'preempts' §§ 16923 and 1692f of the FDCPA." *Id.*

We now answer the question left open in *Crawford*. The Bankruptcy Code does not preclude an FDCPA claim in the context of a Chapter 13 bankruptcy when a debt collector files a proof of claim it knows to be time-barred. We recognize that the Code allows creditors to file proofs of claim that appear on their face to be barred by the statute of limitations. However, when a particular type of creditor—a designated "debt collector" under the FDCPA—files a knowingly time-barred proof of claim in a debtor's Chapter 13 bankruptcy, that debt collector will be vulnerable to a claim under the FDCPA. Our examination of these statutes leads us to conclude that the Code and the FDCPA can be read together in a coherent way.

*Id.* at 1337–38.[2]

Appellants attempt to escape the holding in *Crawford* – that a debt collector violates the FDCPA when it files a proof of claim in a Chapter 13 bankruptcy case on a debt it knows to be time-barred – by arguing that the Bankruptcy Court should not have applied *Crawford* retroactively. The Eleventh Circuit's decision in *Glazner v. Glazner*, 347 F.3d 1212 (11th Cir. 2003), dictates the analysis that a court must undergo in determining whether to retroactively or prospectively apply a new rule of law:

---

[2] *Johnson* renders moot the first two issues briefed by appellants.

[u]nder *Chevron Oil,* a court must look to the following factors to determine whether to reject retroactive application of a new decision in favor of purely prospective application:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second ... [a court must look] to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.... [Third, a court must look to] the inequity imposed by retroactive application....

*Id.* at 1216 (quoting *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106-07 (1971)).

Appellants argue that the Bankruptcy Court erred because it did not apply the *Chevron Oil* factors before deciding to apply *Crawford* retroactively. The Bankruptcy Court, however, was not announcing a new rule of law. In cases where a court must determine whether a prior decision should be applied retroactively, the Supreme Court's decisions in *Harper v. Virginia Dept. of Taxation,* 509 U.S. 86 (1993) and *James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529 (1991) are controlling. As summarized by *Glazner,*

> [i]n *Harper* and *Beam,* the Supreme Court rejected modified prospectivity in civil cases. *Harper,* 509 U.S. at 94–99, 113 S.Ct. at 2516–2518; *Beam,* 501 U.S. at 534–544, 111 S.Ct. at 2442–2448. *Harper* and *Beam* both dealt with the question of whether a rule announced and applied retroactively in a prior case should be applied under pure retroactivity (i.e., retroactive in all cases) or modified prospectivity (i.e., retroactive only in some cases) in subsequent cases. The main principle for which *Harper* and *Beam* stand is that once a court applies a newly announced rule to the parties before it, all other courts must apply that rule to all pending cases. *Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 752, 115 S.Ct. 1745, 1748, 131 L.Ed.2d 820 (1995).

*Id.* at 1217–18 (emphasis added).

7

In a nearly identical case, *In re Holloway*, 538 B.R. 137 (Bankr. M.D. Ala. 2015),

the Bankruptcy Court found that it was bound to apply *Crawford* retroactively because:

> [o]nly a court announcing a new rule of law may choose not to apply
> that rule retroactively under *Chevron Oil*, and if it so chooses it must
> not apply the new rule to the litigants before it.  If a court is not
> announcing a new rule of law, but rather is following an existing rule,
> it must apply that rule retroactively if the court that announced the
> rule applied it to the litigants before it.

*Id.* at 141.

The Court agrees with the analysis in *In re Holloway* and is bound by the Supreme

Court's holdings in *Beam*, *Harper*, and *Reynoldsville Casket Co.*  As such, the Bankruptcy Court

was bound to apply *Crawford* , and neither this Court nor appellants can avoid its application.[3]  The

facts in this case are no different than those in *Crawford.*  Appellants are debt collectors that

admittedly sought to collect time-barred debts from each of the plaintiffs by filing one or more

proofs of claim in each debtor's Chapter 13 case.  Appellants filed these proofs of claim knowing

these debts were time-barred.  Under these facts, *Crawford* is inescapable.  By demonstrating at trial

that appellants filed proofs of claim on debts that were clearly time-barred in each of the debtor's

Chapter 13 case, appellees proved a violation of the FDCPA.

Appellants remaining arguments do change this outcome.  Appellants argue that (A)

its actions are protected by the FDCPA's bona fide error defense; (B) Balcom's adversary

proceeding should have been dismissed when he failed to attend trial; and (C) the consolidated

adversary proceeding should be dismissed in its entirety because the plaintiffs lack standing under

---

[3]  Issues four through seven briefed in this appeal are, yet again, more attempts by appellants
to avoid application of *Crawford*.  Having reviewed these arguments, the Court finds them frivolous,
as finding merit in any of these arguments would require the Court to disregard the clearly
established precedent in *Crawford*.

the first-filed rule to pursue their claims.  Although none of these issues is meritorious, the Court will briefly address each in turn.

## A.  The Bona Fide Error Defense

Appellants argue they are entitled to the bona fide error defense, which states that "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).  A defendant asserting a bona fide error defense must show by a preponderance of evidence that its violation of the FDCPA "(1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error."  *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352-53 (11th Cir. 2009).  Importantly, the Supreme Court has held "that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute."  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604-05 (2010).

Appellants argue that the *Jerman* decision does not prevent them from asserting the bona fide error defense because appellants  "did not wrongly understand existing law," as the law changed and they "could not have misinterpreted something that previously did not exist." Appellants' Br. at 59.  Although appellants argue the semantics of the Supreme Court's holding in *Jerman*, they cannot avail themselves of the bona fide error defense, as the defense "does not apply to a violation of the FDCPA resulting from a debt collector' incorrect interpretation of the requirements of the statute."  *Jerman, supra*.

9

**B. Ray Balcom's Failure to Comply with a Subpoena**

      Appellants also argue that the Bankruptcy Court should have dismissed Ray Balcom's adversary proceeding because, despite being served a subpoena, he failed to appear for trial.  In declining to do so, the Bankruptcy Court cited the following three reasons:

> First, Balcom's testimony was unnecessary to prove his own case-in-chief because his counsel submitted documents raising a prima facie violation of the FDCPA. . . . Second, the other Plaintiffs testified at trial, and the Court infers Balcom would have testified substantially as they did.  Third, and most importantly, it is clear from the Defendants' examination of the other Plaintiffs that the Defendants wanted Balcom's testimony to support their contention that he was not misled or harmed in any way and that there was no violation of the FDCPA.  However, FDCPA claims are decided under an objective standard and Balcom's subjective testimony would have been unnecessary and irrelevant. . . . The Defendants articulated no persuasive reason for why Balcom's testimony would have been probative of any issue at trial.  Therefore, the Court will not dismiss Balcom's case for his non-compliance with the Defendants' subpoena.

Memorandum & Decision, Docket Entry 1-4, 4.

      A court has discretion to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g); Fed. R. Bankr. P. 9016.  "[T]he determination of certain matters committed to the discretion of the bankruptcy court is reviewed for abuse of discretion."  *HDR Architecture, P.C. v. Maguire Group Holdings*, 523 B.R. 879, 886 (S.D. Fla. Dec. 24, 2014).  "A bankruptcy court abuses its discretion when is ruling is founded on an error of law or on misapplication of the law to the facts." *Park Nat'l Bank v. Univ. Ctr. Hotel, Inc.*, 2007 WL 604936, at *1 (N.D. Fla. Feb. 22, 2007).

      The Bankruptcy Court did not abuse its discretion when it denied appellants' motion to dismiss Balcom's adversary proceeding.  The Bankruptcy Court articulated three reasons for its

10

decision, none of which demonstrate that its ruling was founded on an error of law.

## C. The First-Filed Rule

Appellants argue that the consolidated adversary proceeding should have been

dismissed under the "first-filed rule," which

> provides that when parties have instituted competing or parallel
> litigation in separate courts, the court initially seized of the
> controversy should hear the case. *Merrill Lynch, Pierce, Fenner &
> Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982). Thus, we
> have held that "[w]here two actions involving overlapping issues and
> parties are pending in two federal courts, there is a strong
> presumption across the federal circuits that favors the forum of the
> first-filed suit under the first-filed rule." *Manuel*, 430 F.3d at 1135
> (citations omitted). The first-filed rule not only determines which
> court may decide the merits of substantially similar cases, but also
> generally establishes which court may decide whether the second
> filed suit must be dismissed, stayed, or transferred and consolidated.
> *See Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th
> Cir.1971); *Sutter Corp. v. P & P Industries, Inc.*, 125 F.3d 914, 920
> (5th Cir.1997) (citing *Mann Mfg.*, 439 F.2d at 408).

*Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013).  Further,

> [t]he purpose of the rule is "to avoid the waste of duplication, to
> avoid rulings which may trench upon the authority of sister courts,
> and to avoid piecemeal resolution of issues that call for a uniform
> result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751
> F.2d 721, 729 (5th Cir.1985). Moreover, it simply promotes judicial
> efficiency.  That said, "the first-filed rule should not be applied too
> rigidly or mechanically and a District Court may in its discretion
> decline to follow the first-filed rule if following it would frustrate
> rather than further these purposes." *United States v. 22.58 Acres of
> Land*, 2010 WL 4311254, *5 (M.D.Ala.2010) (citing *Alltrade, Inc.
> v. Uniweld Prods, Inc.*, 946 F.2d 622, 628 (9th Cir.1991)).

*Goldsby v. Ash*, No. 2:09-CV-975-TFM, 2010 WL 1658703, at *2 (M.D. Ala. Apr. 22, 2010).

Appellants argue that the first-filed rule should have barred the appellees' adversary

proceedings because a prior *Crawford*-like class action lawsuit had been filed against appellants in

the U.S. District Court for the Southern District of Alabama.  Although the class had yet to be certified, appellants argue that the appellees were "necessarily still a party to that [class action] lawsuit regardless of any future intentions they might have" to opt out.  Appellants' Br. at 56.  As such, appellants argue that "[appellees had] no standing to bring this matter" and the Bankruptcy Court should have dismissed their complaints.  *Id.*

        Appellants' argument is flawed for multiple reasons.  First, the first-filed rule has nothing to do with a party's standing.  Second, dismissal would not have been the appropriate remedy, as "[t]he well-marked and well-beaten path in these circumstances is to stay, not dismiss, this second-filed action while [the movant] (if it chooses to do so) litigates the applicability of the first-filed doctrine in the [first-filed forum]."  *DermaMed Techs. Corp. v. Passmore Labs*, 2011 WL 1753196, *9 (S.D. Ala. Apr. 21, 2011).  And third, appellants' argument erroneously assumes the Bankruptcy Court was bound to "rigidly or mechanically" apply the first-filed rule.  Whether to apply the first-filed rule is discretionary – and the Bankruptcy Court had good reasons not to apply the rule.  The purpose of the rule would not have been advanced by applying it to the instant matter, as there was no danger of "trench[ing] upon the authority of sister courts" because at the time the issue was raised in the Bankruptcy Court, no class had yet been certified in the other court.  For the same reason, there was no danger of "duplication."  For these reasons, the Bankruptcy Court did not abuse its discretion in declining to apply the first-filed rule.

## V.  Conclusion

        Despite appellants' many arguments to avoid *Crawford* and *Johnson*, these decisions are binding on this Court.  Under *Crawford*, the appellants violated the FDCPA by filing proofs of

claim in the Chapter 13 cases on debts that were known to be time-barred.  As such, and for the aforementioned reasons, the Court affirms the Bankruptcy Court's Memorandum Decision and Judgment, entered in this consolidated adversary proceeding on November 20, 2015.


S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: September 2, 2016
        Detroit, Michigan

13